# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA, CHARLESTON DIVISION

**SANDRA ROSS,**
    **Plaintiff**

**vs.**
                                             **Civil Case No.:** 3:16-cv-8635

**FIRST NATIONAL BANK OF OMAHA**
    **Defendant.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### *Introduction*

Congress enacted the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 to protect consumers from debt collectors and telemarketers in 1991. In doing so, Congress recognized that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." 47 U.S.C. §227, Congressional Statement of Findings #13. Specifically, in enacting the TCPA, Congress outlawed unsolicited automated or pre-recorded telephone calls finding:

> Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

47 U.S.C. § 227, Congressional Statement of Findings ##10 and 12. Additionally, the West Virginia legislature found that additional protections were needed and passed the West Virginia Consumer Credit and Protection Act which is a hybrid of the Uniform Credit Code

and the National Consumer Act to further protect West Virginians from consumer abuses. This consumer action concerns the disregard for the protections provided by the TCPA, the West Virginia Consumer Credit and Protection Act by FIRST NATIONAL BANK OF OMAHA ("FIRST NATIONAL") in its attempt to collect a debt from Plaintiff.

### *The Parties*

1) SANDRA ROSS is a resident of Scott Depot, West Virginia and resides in this District.

2) The Plaintiff is a person who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

3) FIRST NATIONAL BANK OF OMAHA is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

4) The Defendant is a debt collector as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including Putnam County, West Virginia.

### *Jurisdiction*

5) This court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3).

6) The District Court also has federal question jurisdiction over the claim pursuant to 28 U.S.C. § 1331. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

2

7) The District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims that related to claims in this action.

## *Factual Allegations*

8) Plaintiff became in arrears upon the alleged indebtedness to the Defendant, and subsequently the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiff, by written communications and did otherwise communicate with Plaintiff to collect the alleged debt.

9) On December 9, 2015 Plaintiff mailed a letter to Defendant withdrawing her consent to be contacted which listed his phone numbers and advising the Defendant she had retained an attorney. Said letter provided the Defendant with the name, address, and telephone number of his attorney.

10) Upon Information and belief, Defendant began calling Plaintiff multiple times per day using "automatic telephone dialing systems" (ATDS) to his cellular telephone and residence and was not regarding an emergency, or about a debt owed to the United States in violation of 47 U.S.C § 227(A)(iii) and (B).

11) When Defendant placed calls to Plaintiff, Plaintiff would hear a pause or "dead air" before a person would come on the line.

12) Further Plaintiff further believes that an ATDS was used by Defendant.

13) Upon information and belief, the Defendant maintains records of each call placed to the Plaintiff by date, time called, duration of call, the identity of the Defendant's employee and notes or codes placed upon such record by the Defendant's employee.

14) Such records will reflect that the Defendant placed telephone calls to the Plaintiff

3

residential telephone, cellular telephone, work telephone number and calls to third parties' numbers after it appeared that Plaintiff was represented by an attorney.

15) As of the filing of this complaint, Plaintiff has received in excess of 16 calls from Defendant through the use of ATDS.

16) Defendants multiple calls per day caused the telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff.

17) The Defendant knew or should have known that the Plaintiff is represented by an attorney with respect to such debt and provided Defendant with the attorney's contact information.

18) Upon information and belief, the Defendant communicated with third parties concerning the debt.

## COUNT I
### *Violations of The TCPA*

19) Plaintiff incorporates the foregoing paragraphs herein.

20) At all times relevant hereto, Defendant used, controlled or operated an ATDS as defined by § 227(a)(1) of the TCPA.

21) Defendant initiated at least 16 calls to Plaintiff's telephone using artificial and or prerecorded voices to deliver messages without the express consent of Plaintiff, in violation of 47 U.S.C. § 227 (b)(1)(A)(iii) of the TCPA.

22) Pursuant to 47 U.S.C § 227 (b)(3)(B) Plaintiff should receive $500.00 in damages for each such violation of the TCPA.

4

23) Defendants calling in excess of 16 times to Plaintiff in the span of a a few weeks after written notice was sent to the Defendant were willful or knowing violations of the TCPA and Plaintiff should be awarded treble damages pursuant to 47 U.S.C. § 227 (b)(3)(C).

24) As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation, distress and wasted a great deal of time in dealing with the barrage of phone calls.

## COUNT II
### *Violations of The West Virginia Consumer Credit and Protection Act*

25) Plaintiff incorporates the foregoing paragraphs herein.

26) The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to, engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff after the Plaintiff has requested the Defendant stop calling the Plaintiff in violation of *West Virginia Code* § 46A-2-125;

   a. causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of *West Virginia Code* § 46A-2-125(d);

   b. using unfair or unconscionable means to collect a debt from Plaintiff in violation

5

of *West Virginia Code* § 46A-2-128(e) by communication with Plaintiff after it appeared that the Plaintiff was represented by an attorney;

    c. failing to clearly disclose the name of the business entity making a demand for money upon Plaintiffs indebtedness in violation of *West Virginia Code* § 46A-2-127(a) and (c).

27) As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation, distress and wasted a great deal of time in dealing with the barrage of phone calls.

## COUNT III
## VIOLATION OF THE WEST VIRGINIA COMPUTER CRIMES AND ABUSE ACT

28) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

29) The Plaintiff is a "person" as defined by *West Virginia Code* § 61-3C-3(n) as Plaintiff is a "natural person."

30) The Defendant is a "person" as defined by West Virginia Code § 61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

31) The Defendant, with the intent to harass, used an "electronic communication device" as defined by West Virginia Code § 61-3C-14a to make contact with the Plaintiff after being requested by Plaintiff to desist from contacting the Plaintiff in violation of *West Virginia Code* § 61-3C-14a(a)(2).

32) The Plaintiff was injured as a result of the violations of the *West Virginia Computer Crimes and Abuse Act* as set forth above.

33) Plaintiff seeks compensatory damages for injuries provided by *West Virginia Code* § 61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* § 61-3C-16(a)(2).

34) As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation, distress and wasted a great deal of time in dealing with the barrage of phone calls.

## COUNT IV
### VIOLATION OF THE TELEPHONE HARASSMENT STATUTE

35) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

36) The Defendant made or caused to be made telephone calls to the Plaintiff causing Plaintiff's telephone(s) to ring repeatedly and continuously with the intent to annoy and harass the Plaintiff in violation of *West Virginia Code* § 61-8-16(a)(3).

37) The Plaintiff was injured by Defendant's violation of *West Virginia Code* § 61-8-16(a)(3). As Plaintiff was injured by Defendant's violation of *West Virginia Code* § 61-8-16(a)(3), the Plaintiff has a civil cause of action for damages Plaintiff sustained by reason of said statutory violation pursuant to West Virginia Code § 55-7-9 which so provides.

38) As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation, distress and wasted a great deal of time in dealing with the barrage of phone calls.

## COUNT V
### COMMON LAW NEGLIGENCE

7

39) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

40) Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA as alleged in the previous Count.

41) As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation, distress and wasted a great deal of time in dealing with the barrage of phone calls.

### COUNT VI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

43) The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

   a. Defendant placed telephone calls to Plaintiff after Defendant knew that Plaintiff was represented by an attorney in gross violation of the WVCCPA;

   b. Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

   c. Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* § 46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

   d. Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* § 61-8-16(a)(3)

punishable by fine and/or imprisonment;

e. Insofar as Defendant's conduct of engaging in telephone conversation with Plaintiffs undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* § 61-8-16(a)(4) punishable by fine and/or imprisonment;

f. Insofar as Defendant's conduct constituted knowingly allowing a phone under Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* § 61-8-16(b) punishable by fine and/or imprisonment.

44) As a result of the Defendant's actions, the Plaintiff has suffered emotional distress.

45) As a result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VII
### COMMON LAW INVASION OF PRIVACY

46) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

47) The Plaintiff has an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiff's home.

48) The acts of the Defendant in placing telephone calls to Plaintiff's home telephone number invaded, damaged and harmed Plaintiff's right of privacy.

49) As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

50) As a result of the Defendant's action, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and

9

distress.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby prays for the following relief against the Defendant:

A) An award of the statutory damages in the amount of $500.00 for each violation of the TCPA;

B) An award of the Statutory trebled damages in the amount of $1,000.00 for each of Defendants willful or knowing violations;

C) Defendant be enjoined from calling Plaintiff in the future;

D) Actual damages for the violations of the WVCCPA as authorized by *West Virginia Code* § 46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

E) Statutory damages in the maximum amount authorized by *West Virginia Code* § 46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* § 46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

F) Plaintiff cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* § 46A-5-104;

G) The Plaintiff be awarded general damages for the Defendant's negligence as alleged in Count II of the Complaint;

H) The Plaintiff be granted general damages and punitive damages for Defendant's conduct;

I) Such other relief as the Court shall deem just and proper under the attendant

circumstances.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all issues so triable.

                                              **SANDRA ROSS**
                                              **BY COUNSEL**

BY:    /s/ Daniel K. Armstrong
         Benjamin Sheridan (#11296)
         Daniel K. Armstrong (#11520)
         *Counsel for Plaintiff*
         Klein and Sheridan LC
         3566 Teays Valley Rd
         Hurricane, WV 25526
         (304) 562-7111